R. A. BENTLEY, et al., Appellants, v. DAVID SHANKS, Appellee.—348 S. W. (2d) 900.

Western Section. June 23, 1960.

Certiorari Denied by Supreme Court Oct. 7, 1960.

W. C. Rodgers, Memphis, for appellants.

James M. Tharpe, Memphis, for appellee.

CARNEY, J. Complainants below, R. A. Bentley, Madison Green and Jeff Johnson have appealed from the decree of the Chancery Court dismissing their original bill. In their original bill the complainants averred

themselves to be the elders in charge of and trustees for the Klondike Church of Christ in Memphis, Tennessee, and they sought to remove the defendant, David Shanks, minister of said church, from the occupancy of the church parsonage and the church building. The bill further averred that under the doctrine of the Church of Christ they were the only ones authorized to hire and fire the minister, that they had hired the minister and had later fired him and he had refused to quit and had refused to vacate the property.

The defendant, David Shanks, admitted that he as minister was in possession of the church and the parsonage and that he had refused to vacate the premises though ordered to do so by the complainants. Then, assuming the attitude of a cross-complainant he averred that the original complainants had continuously been trouble makers in the congregation even to the point of disrupting church services.

Further he averred that the members of the congregation and the cross-complainant had consistently requested the cross-defendants to cease and desist from such improper practices and that finally on December 16, 1958, the cross-defendants were silenced in the church by the congregation and that the congregation withdrew from the cross-defendants. Cross-complainants further averred that according to the doctrine of the Church of Christ such withdrawal on the part of the congregation nullified any office which the cross-defendants may have held and that in effect they were no longer elders.

Cross-defendants filed an answer to the cross bill denying the allegations of disorderly conduct, denying that

they disrupted church services, denying that the congregation had withdrawn from them and denying that church doctrine permitted the congregation to withdraw from the elders and averring that they were still elders in the church.

A trial was had on oral testimony and the Chancellor found in favor of the defendant and dismissed the original bill. After complainants' petition to rehear was overruled by the Chancellor they brought their appeal to this court averring that the final decree is erroneous upon its face. The oral evidence was not preserved by bill of exceptions and we have before this court only the technical record.

The final decree as entered by the Chancellor is as follows:

"Final Decree
(Entered October 21, 1959)

"This cause came on to be heard before the Honorable Ceylon B. Frazer, Chancellor of Part II of the Chancery Court of Shelby County, Tennessee upon the original Bill, Answer and Cross-Bill of the defendant, stipulation of the parties for hearing the cause on oral testimony, the testimony of the complainants, R. A. Bentley, Madison Green and Jeff Johnson, testimony of J. M. Powell and defendant, David Shanks, all of which was adduced in open Court, the stipulation of the parties that a meeting of the male members of the Klondike Church of Christ be called for the purpose of polling said membership to ascertain whether or not the congregation of said church had withdrawn or would withdraw the hand of fellowship from the complainants and no

longer recognize complainants as Elders of said Church.

"And it further appearing to the Court that pursuant to said stipulation of the parties a special meeting of the male members of the Klondike Church of Christ was held, and that the said congregation did withdraw the hand of fellowship from the complainants herein and no longer recognized them as Elders of said Klondike Church of Christ, and there was no controversy between the parties that such special meeting was held or the result thereof, and the Court, because such meeting was an ecclesiastical meeting, did not inquire as to the method of holding the meeting.

"And, it further appearing to the Court that the complainants herein have been excommunicated from the said Klondike Church of Christ or the hand of fellowship having been withdrawn from them, and that they are no longer members of the Klondike Church of Christ, and, therefore, can hold no office therein, and that the original bill ought and should be dismissed, and the cross-bill ought and should be sustained.

"It is, therefore, ordered, adjudged and decreed that the original bill herein be dismissed and the cross-bill herein should be sustained.

"It is further ordered, adjudged and decreed that the action of the Klondike Church of Christ has excluded the complainants herein from membership in said Church, and that the action of said Church has removed the complainants herein from their offices as Elders of the Klondike Church of Christ.

"It is further ordered, adjudged and decreed that the complainants pay the costs of the cause, for all of which execution may issue as at law.

"Ceylon B. Frazer
"Chancellor"

Appellants have filed two assignments of error as follows:

## "I.

"The Decree of the lower court is void on its face, because, it adjudges ecclesiastical matters, only. It excommunicates Appellants, both as Elders and members of the Klondike Church of Christ by a popular or alleged majority vote of only the male members of the Church, without any showing that this was in conformity of the teachings or the practices of the Church of Christ.

## "II.

"The Decree of the lower court is invalid, on its face, because, it not only adjudges solely inter-church affairs, but contrary to an established adjudication by this and the Supreme Court in effect, that the Appellants are both the official Elders, governing officers, and custodians of the property of the Klondike Church of Christ, without any showing that they had been legally or Scripturally removed or disqualified, by any established charges, in conformity to the teachings of the Church of Christ or the Scripture, as held to be prerequisite by the published opinion and the Decree of this Court. Murrell vs. Bentley, et al, Supra [39 Tenn. App. 563, 286 S. W. (2d) 359]."

This is the second time litigation involving the management and control of the affairs of the Klondike Church of Christ of Memphis has been before this court. On August 23, 1954, this court rendered an opinion in the case of Murrell v. Bentley, 39 Tenn. App. 563, 286 S. W. (2d) 259, in which two of the three present appellants, R. A. Bentley and Madison Green, were defendants.

A review of that opinion reveals that strife and dissention were rife in the church in 1952 and a division had occurred in the church wherein the defendants, Bentley and Green, were the leaders of one group and complainants, Johnson and Bradley, were leaders of the other group.

Certain members of the congregation representing a large majority of the congregation brought their original bill seeking to enjoin the defendants, R. A. Bentley, Madison Green and others from interfering in the management of the affairs of the church and the control of the church property. Only a small number of the membership were supporters of the defendants, Bentley, Green, et al.

However, this court held that the evidence showed affirmatively that the defendants, Bentley and Green, had been formally and officially selected and ordained as elders in the church; that the evidence also showed that under the doctrine of the Church of Christ ordained elders of the church are the highest officials in the church and as such are entitled to exercise full and complete control over the management and operations of the church affairs, and that they select and appoint such subordinate officials, deacons, etc., as they deem necessary and proper and the authority of the elder is superior to

that of the minister and any of the members of the congregation. Accordingly, this court decided in favor of the defendants, Bentley, Green, et al., and dismissed the original bill.

In the present litigation the situation of the parties is reversed. The former defendants, R. A. Bentley and Madison Green, are complainants in the present litigation seeking to enjoin the minister from acting as such and from occupying the church property. However, the present situation differs vastly from the former case in that there is an express finding of fact by the court below based on oral evidence which is not before this court that the complainants have been excommunicated from the Klondike Church of Christ, the hand of fellowship has been withdrawn from them, and that they are no longer members of the Klondike Church of Christ.

The appellants insist that the decree affirmatively shows that the elders were not properly removed in accordance with Scriptural procedure, namely that they must be accused in the presence of two or three witnesses citing I Tim. 5:19.

We think it appropriate to quote again as we did in Murrell v. Bentley from the case of Lewis v. Partee, Tenn. Ch. App., 62 S. W. 328, 333, as follows:

"It is unquestionably true that the courts have no ecclesiastic jurisdiction, and do not pass upon questions of faith, religion, or conscience; nor will they in fact undertake to revise or to inquire into the propriety or justice of the action of a church upon any matter not affecting a property or civil right. But in order that the members of a church may enjoy their property rights, and the right to worship

in their property undisturbed, as a church or as a membership of a church, the courts will inquire and decide as to what parties certain church property belongs to or is rightfully in possession of; and they will inquire into the fact whether a certain person has been elected pastor or is pastor, or whether certain persons are deacons or trustees, or whether certain persons have been excommunicated from the church or are still members of the church, in order to protect the church and its membership in the enjoyment of their property rights, and their civil liberty to worship undisturbed by threats and violence, or from trespasses by those who are not officers and members of the church.''

The case of Nance v. Busby, 1891, 91 Tenn. 303, 18 S. W. 874, 15 L. R. A. 801, involved a conflict over the possession of church property between two opposing groups in a Baptist Church. In that case our Tennessee Supreme Court, speaking through Judge Lurton, held that even though the record showed that the complainants had been excommunicated without notice of the charges against them and without being given an opportunity to vindicate themselves, yet since the court found that the complainants had been in fact excommunicated by the membership of the church, the court would recognize the fact of excommunication.

From the opinion at page 335, 18 S. W. at page 881 we quote as follows:

"* * * This church, when sitting in conference was a judicature. It may have erred in construing the usage and practice of the church to justify a proceeding for expulsion without notice to the accused of the

charges, and without giving him opportunity to vindicate himself. It, however, proceeded to adjudge excommunication. Its act was the act of the church. Complainants thereafter ceased to be members of this church. We cannot restore their names to the roll, or by mandamus compel recognition as members by the church which has repudiated them. Not being members of this church, they are not beneficiaries under the conveyance by which the church holds its church. They have, therefore, no such status as enables them to question the use of that property by the defendants.''

This court is bound by the finding of fact by the Trial Court that the complainants-appellants have been excommunicated and are no longer members of the Klondike Church of Christ since the evidence upon which the Chancellor made this ultimate finding of fact is not preserved in the record.

The decree does show that only male members of the congregation were consulted in ascertaining whether or not the complainants had been excommunicated. In the first place, we observe that the doctrine and law of the church on such procedure not being shown in the record we must assume that the poll of the members was taken in accordance with the doctrine and rules of the church and that the female members do not take part in such procedures.

In the second place, the record affirmatively shows that the method of polling the membership was expressly consented and agreed to by the complainants through their solicitors and they cannot now object to such being considered by the court.

After reviewing thoroughly our former decision in the case of Murrell v. Bentley, supra, together with the record in the present case, we are firmly of the opinion that there is no error in the record and that the holding of His Honor the Chancellor is not inconsistent with the principles announced by this court in Murrell v. Bentley.

If these complainants have been excommunicated from their church in a manner not consistent with the doctrine and procedural rules of the church, their only redress is in the congregation itself and not in the court. Until such time as they shall be reinstated as members and officials in the church, as stated in Nance v. Busby, supra, they have no status as enables them to question the use of the church property by the defendant minister and/or other members of the church congregation.

Accordingly, the assignments of error are respectfully overruled and a judgment will be entered affirming the decree of the Chancellor at the costs of the appellants and their sureties.

Avery, P. J., (W.S.), and Bejach, J., concur.